## M. A. POLLARD *v.* W. G. STOVALL, SHERIFF.

REPLEVIN.   *When not maintainable.   Agency of sheriff.   Case in judgment.*

P. brought an action of replevin before a justice of the peace against W. to recover a mule. The justice rendered a judgment in favor of P., and W. appealed to the Circuit Court. The sheriff having the mule in custody was about to deliver it to W. upon a forthcoming-bond, to be held till the rendition of a judgment in the Circuit Court, when P. sued out before another justice of the peace a writ of replevin against the sheriff, to obtain possession of the mule. The latter case was appealed to the Circuit Court, where a judgment was rendered against P., who thereupon appealed to this court. *Held,* that independently of the statute (sect. 2633, Code 1880) prohibiting the bringing of replevin for the recovery of property in *custodia legis,* this action is not maintainable, the sheriff being in possession of the mule at the instance, and as the agent, of P., as well as the agent of the law.

APPEAL from the Circuit Court of Chickasaw County.

Hon. J. W. BUCHANAN, Judge.

The case is stated in the opinion of the court.

*A. Y. Harper,* for the appellant.

Sect. 2623, Code 1880, provides that the sheriff shall deliver to the successful party the property in dispute, whenever no bond is given, and the property remains in the hands of the sheriff, as in this case. This mandate is positive and peremptory. A refusal to obey on the part of the sheriff may be held as contempt of the court; but this does not deprive the successful party of the right to enforce his possession by a writ of replevin. Sect. 2618 applies to cases before the trial in writs of replevin and not to cases after the rendition of the judgment. When not bonded by either party a successful party in the first trial is entitled to the custody of the property during the litigation. So soon as the sheriff refused to surrender the mule to the plaintiff, who had obtained a judgment, upon his demand for the property, he became a trespasser and liable to the plaintiff for damages for this wrongful detention.

*Lacey & Baskin,* for the appellee.

We submit that M. A. Pollard, plaintiff in the case of *Pollard* v. *Wilson,* had no right to the possession of the mule in

controversy, except such right as the judgment in her favor conferred, which could not be put into operation by her, except by virtue of an execution, which execution had been superseded by the filing and approval of the appeal-bond by Wilson. Vide Code 1880, sect. 2352. The parties, Pollard and Wilson, were thus left as if there had been no determination of the suit, and it was the duty of appellee, as sheriff, to hold said mule for the final termination of the suit in the Circuit Court, or to sell the mule as too expensive property to be holden, or to take a good bond for the forthcoming of the same from either of the parties, Pollard or Wilson. He preferred the latter and accepted the only bond tendered him. Code 1880, sect. 2618.

CHALMERS, J., delivered the opinion of the court.

Mrs. Pollard, in an action of replevin against one Wilson, obtained judgment in a justice's court, for a mule, from which judgment Wilson at once took an appeal to the Circuit Court. The animal was in the custody of the sheriff, Stovall, and a contest arose between the parties litigant as to who was entitled to the custody of the mule pending this appeal; and the sheriff, being about to deliver it to Wilson, who offered to give a bond for its forthcoming (which Mrs. Pollard did not offer to do), the latter, in order to prevent the delivery to Wilson sued out before another justice the present writ of replevin against the sheriff and sought, through a constable, to get possession of the property.

The sheriff refused to surrender the mule, and upon a trial of the case the court below ruled that this action could not be maintained, and gave judgment for the sheriff. From that judgment the present appeal is prosecuted.

The action of the court below was correct. Independently of the statute prohibiting the bringing of replevin for the recovery of the property *in custodia legis*, it is manifest that a party at whose suit property has been seized by an officer, cannot bring another suit to take the property out of his pos-

session.   The officer is his agent as well as the agent of the law in holding the property; and if he is guilty of any breach of duty in relation to it, is liable to the power of the court in that suit, or to an action upon his official bond in an independent proceeding.   The sheriff was right in refusing to surrender the mule to the constable, and the court below rightly gave judgment for the sheriff.

Affirmed.